EMILY HOOE, as Executrix of the last will and testament of Jos. Rolette, deceased, and survivor of her late husband, Alex. S. Hooe, deceased, *Plaintiff in Error*,

*vs.*

THE AMERICAN FUR COMPANY.

ERROR TO CRAWFORD CIRCUIT COURT.

There is no appeal from the report of commissioners, appointed by the Judge of Probate, under *Old R. S., p.* 303, § 34, 35. That statute provides clearly the mode of procedure, when either the executor or the creditor is dissatisfied with the sum allowed, or the rejection of the claim by the commissioners.

If the executor or administrator is dissatisfied with the sum allowed, he should give notice at the probate office, and also to the creditor, within twenty days from the filing of the report.

The practice of the Probate Court commented upon and explained.

This proceeding arose on an order made and entered by the Judge of Probate of the County of Crawford, as appears by transcripts from said Probate Court, lodged and now remaining in the office of the clerk of the Circuit Court of said county.

From those transcripts the following facts appear:

1st. That Alvah C. Rogers, Champion Pelton, and Theodore Bugbee, were appointed commissioners to examine and allow claims against the estate of said Joseph Rolette, deceased, by the Judge of Probate of said county, on the first day of July, A. D. 1854, said commission being one of insolvency. This commission was extended to the 2d day of June, 1845.

2d. That on the 21st day of April, 1845, two of said commissioners, allowed a claim in favor of the American Fur Company and against the said estate, for the sum of $9,924.08.

June Term,
1853.

Hooe,
vs.
Am'can Fur
Company.

3d. That said commissioners made report of their doings under their appointment, to the Probate Court, on the 23d day of June, 1845.

4th. That on the 29th day of September, 1845, the Judge of Probate ordered a *pro rata* dividend, of one and one quarter *per cent.* on all the claims allowed by said commissioners, with a qualification as to the sum above mentioned, as allowed to the American Fur Company, as follows :

" The executrix of the said estate of Joseph Rolette will pay the above dividends, as stated, with the exception of the dividend to the American Fur Company, for the sum of $9,924.08, *from which she has taken exceptions to the report of the commissioners.* In that case the dividend will be retained until the decision on the said appeal ; and also *surplus undivided* will be retained by the executrix until the further order of this court."

5th. That on the 11th day of May, 1847, said American Fur Company, by Ben. C. Eastman, their attorney, moved the Probate Court of said county, J. Brisbois, Esq., successor of the judge who made the above mentioned order of dividend, " to decree and order, that the executrix of the said estate, do pay to said Company said sum of $124.05 as the *pro rata* dividend." And on the same day, May 11, 1847, the said Probate Court, on hearing of said motion, ordered and decreed, that the foregoing motion of the American Fur Company be overruled. On the 12th day of June, 1847, the Company took an appeal to the District Court of the then Territory, for the county of Crawford.

6th. On the 14th day of October, 1847, at the October Term of said court, the appellee moved the

court to dismiss the appeal, for the reasons, (among others) that the court had no jurisdiction; and that an appeal was not the proper remedy, but, that the company should have prosecuted their claim at the common law, as provided by the statute. Afterwards, at the May term of said District Court, 1848, this motion to dismiss the appeal was overruled, and an entry of record made in the words following:

"And now comes the said appellant, by Ben. C. Eastman, their attorney, and the appellee by Bronson & Mills, her attorneys, and the court being sufficiently advised of and concerning the matters and things urged in the motion to dismiss, heretofore agreed and submitted, herein, doth adjudge and decree, that the said motion to dismiss be overruled. And, therefore, the court having heard the proofs of the appellant and of the appellee, and also having heard the argument of counsel herein, and being now sufficiently advised, &c., doth order, adjudge and decree, that the said executrix, the said appellee, do pay unto the said appellants, the sum of one hundred and twenty-four dollars and five cents, being the *pro rata* share or dividend of one and one-quarter *per cent.* upon the item of nine thousand nine hundred and twenty-four dollars and eight cents, allowed by the commissioners appointed by the Judge of Probate, to receive, examine and allow accounts against the said estate."

*James H. Knowlton,* for the plaintiff in error, assigned the general error, and presented the following points and arguments:

The court had no authority to render the judgment. The statute gave no such authority, and the proceedings are unfounded in the common law. The effect of

this judgment is to reverse the decree of the Probate Court, entered on the 29th day of September, 1845, in which it is expressly declared that the executrix is to pay the above dividend as stated, "with the exception of the dividend to the American Fur Company for the sum of $9,924.08, from which *she has taken exceptions to the report of the commissioners.*" Now this decree connot have effect and force, and the judgment of the District Court be effective also; being diametrically opposed to each other, one or the other must fall. And this fate must befal the decree of the Probate Court, if this judgment is not erroneous or altogether void.

JUNE TERM, 1853.

Hooe vs. Am'can Fur Company.

Now it is obvious that the Probate Court had jurisdiction of the subject embraced in the decree in the first instance; and, having jurisdiction, that decree was final, conclusive, and binding, until it was set aside or reversed. This principle would govern, however highly the decree may have been tinctured with error. No principle of law is more firmly established than this. It is so familiar, that a citation of authority to support it would be an insult to the intelligence of the court. But even error no where appears in this decree; all the proceedings were correct. If the American Fur Company were dissatisfied with this decree, they should have *appealed directly* from it. That right was given to them by statute. See *Rev. Stat.*, 1839, *p*. 297, § 6. Or they should have moved the Probate Court to set aside this decree, so far as this exception was concerned; and upon making out a proper case, the District Court, upon appeal, could have done so, if the Probate Court refused to do it, or might, perhaps, have compelled the Probate Court to do it by mandamus.

22

June Term,
1853.

Hooe
vs.
Am'can Fur
Company.

Neither of these plans were adopted. But the first thing the company do, is to go before the Probate Court, and move for an order or decree, directing this executrix to absolutely pay over to them the sum of one hundred and twenty-four dollars and five cents ; the previous decree standing in full force. The motion being overruled, they appeal from that decision. Surely, this proceeding, to say the least, is somewhat anomalous, and entirely unprecedented.

If a decree had been made requiring the executrix to pay any sum of money, upon her refusal to comply, an action could have been maintained against her, and if this judgment could not be made on execution against her, then, by a proper course of proceedings, an action could have been maintained on her bond as executrix. This doctrine was fully considered by this court in the late case of Emily Hooe, *et al.*, *vs.* this same company. Reference to authority is therefore unnecessary. If such a decree was not made by the Probate Court, what authority had the District Court to make that decree in the first instance ? and that, too, when a contrary decree had been made, and was still in force ? Evidently, none whatever.

But again, the *Probate Court* could not even have made this decree ; that is, having effect like this judgment, upon the hypothesis that it is binding while unreversed. The statute stepped in and took away this power, the moment the executrix took exceptions to the allowance of the claim by the commissioners, and notice given. This notice was given, as is apparent from the face of the decree. It is the basis of the order to withhold payment by the executrix. The company should have proceeded at the common law,

JUNE TERM
1853.

Hooe
vs.
Am'can Fur
Company.

unless they chose to lose the demand. *Vide Rev. Stat.*, 1839, *p.* 303, § 34, 35, and *p.* 304, § 38.

*Wm. R. Biddlecombe*, for the defendant in error. The whole argument of the plaintiff's counsel is based upon the presumption that she took an appeal from the allowance of the claim made by the commissioners in April, 1845. But there is no evidence from the record to show an appeal. The Probate record says, "she has taken exceptions." This cannot be construed to mean an appeal according to section 35, of page 303 of the Ter. Statute. Nothing shows that any notice had ever been served.

The claim of the defendant in error still remained at the time of their appeal upon the commissioners report, and was still binding against the estate, at the time they moved for their pro rata payment.

We were not compelled to appeal directly from the order of Sept. 29, 1845. We had an election of other remedies, and we took it.

Nor was the company required to proceed at the common law. This was their privilege, but having their claim fully allowed by the commissioners, there was no need for another judgment. Almost two years had elapsed after the probate decree, before the company moved for their dividend. It was certainly in the power of the executrix to have shown cause at that time why it should not be paid, and if she had produced the evidence of the "exceptions" having been successfully prosecuted, it would have at once put an end to the company's obtaining the dividend. It is fair to presume that she could not do this, or it would have been done, for she had notice.

It is said this motion is anomalous and unprecedented. It may be ; but the company had a claim

JUNE TERM,
1853.

Hooe
vs.
Am'can Fur
Company.

allowed by the commissioners, and an order for distribution, upon the condition that that claim was not defeated by appeal. Its allowance had not been questioned, so far as the record discloses, and it cannot be considered anomalous to move for that to be done which had been before decreed. The Probate Judge refused to order the payment of the dividend, and the company appealed, as was their right by statute. *Ter. Stat. p.* 297, § 5, 6. This appeal brought up the whole subject matter, as fully as though an appeal had been taken from the decree of the 29th Sept., 1845. The whole matter came up before the District Court, and though the executrix appeared there, she showed no cause why the dividend should not be paid, but only attempted a dismissal of the appeal. Proofs were introduced, and the District Court reviewed the whole matter, and it was just as much a review of the original decree as though the appeal had been taken from that.

*By the Court,* WHITON, C. J. It appears that the commissioners appointed by the Judge of Probate, to examine and allow claims against the estate of Rolette, made an allowance in favor of the American Fur Company, of nine thousand nine hundred and twenty-four dollars and eight cents. Their report to the Judge of Probate was made the 23d day of June, 1845, and on the 29th day of September of the same year, the judge ordered a dividend of one and one quarter *per cent.* on all the sums allowed by the commissioners, except this one to be paid by the executrix. The order of the judge recites that the executrix had taken exceptions to the report of the commissioners on the allowance of this claim, and directs, that the dividend upon it, be retained until the decision on said *appeal.* It

further appears, that on the 11th day of May, 1847, the company filed a motion in the Probate Court, for an order, directing the executrix to pay the dividend upon the allowance made to them by the commissioners, and that the motion was overruled. It further appears, that the order overruling the motion was appealed from on the 12th day of June, 1847. At the hearing of this appeal in the District Court, the court ordered the dividend to be paid to the company by the executrix, and the question before us, is, whether this order is erroneous.

June Term, 1853.

Hooe vs. Am'can Fur Company.

It appears that the Judge of Probate misconceived entirely the law applicable to the case, when he directed the executrix to retain the dividend upon the sum allowed to the company by the commissioners, until the decision on the appeal, because there could be no appeal from their allowance. The statute in force at the time, (*Ter. Stat.* 303, § 34, 35,) provided, that in case the executor or administrator should be dissatisfied with any creditor's claim allowed by the commissioners, and should give notice thereof to the probate office and also to the creditor within twenty days, the claims should be struck out of the commissioners report, unless the creditor prosecuted his claim at the common law, or unless by mutual agreement, the matter in dispute was submitted to referees. The sections of the statute referred to, contain clear and unambiguous directions as to the course to be pursued by a creditor, or by an executor or administrator who is dissatisfied by the allowance or rejection of a claim by the commissioners ; and that course is, on the part of the creditor, to give notice at the probate office within twenty days after the report of the commissioners is filed, and bring his action at the common law as

soon as may be; and on the part of the executor or administrator, to give notice as above stated at the probate office, and also to the creditor.

We think, therefore, that the order of the 29th of September, 1845, was clearly erroneous, so far as it directed the executrix to retain the dividend upon the allowance made by the commissioners to the company. In case the executrix gave notice at the probate office, and to the company, within the twenty days limited by the statute, that she was dissatisfied with the allowance made by the commissioners, (as the company did not commence a suit at the common law, and the matter in dispute was not submitted to referees) it was the duty of the Judge of Probate the strike the sum allowed to them, from the report of the commissioners.

But if no such notice was given by the executrix, the judge should have directed her to pay the company the sum allowed to them. This order of the Judge of Probate being thus erroneous, the next question to be considered is, whether the parties were precluded from taking further proceedings to determine the matter in controversy, while this order was permitted to stand, and while no attempt was made by either party to obtain a reversal of it by an appeal, and that, as no appeal was taken from it, the subsequent proceedings on the part of the company have all been erroneous. But it is to be observed, that the order contemplated only a temporary disposition of the money. It did not purport to be, and was not in its nature, a final decision of the matter in dispute between the parties.

The judge erroneously supposed that an appeal lay from the decision of the commissioners, and this part

of his order of the 29th of September is founded

upon this mistake.

We think that the neglect of these parties to appeal from this order of the Judge of Probate, affecting, as it did, the custody of the money merely, during the pendency of the proceedings to determine the rights of the parties in relation to it, and not being an adjudication upon those rights, did not preclude them from proceeding, in any proper mode, to have those rights determined. As the case stands, those rights depend upon a single fact. The company did not prosecute their claim at the common law, and their right to the dividend depends upon the fact of notice being given at the probate office, and also to them, by the executrix, within the time limited by the statute, that she was dissatisfied with the allowance made by the commissioners.

The next question in the case is, whether there is any evidence that this notice was given. The fact that she gave notice at the probate office may be inferred from the recital contained in the order of the judge, that she had taken exceptions to the report of the commissioners ; but there is no evidence, that we have been able to find, that notice was given to the company, as the statute prescribed. This fact, it was the duty of the executrix to establish by evidence, and failing to do so, the conclusion is irresistible, that the Judge of Probate should have ordered her to pay the money to the company.

The only remaining question is, whether the proceedings taken by the company to obtain an order directing the executrix to pay the money to the company have been regular.

We see no irregularity. The motion made on the

June Term,
1853.

Hooe
vs.
Am'can Fur
Company.
11th day of May, 1847, in the Probate Court, was a proper mode of obtaining the order, and when the motion was overruled by the Judge of Probate, an appeal was duly taken to the District Court of the Territory, in accordance with the law then in force. (*Ter. Stat.* 297, § 55.) The District Court having the case before it by appeal, made the order, directing the executrix to pay over the money to the company, as should have been done by the Judge of Probate. In our opinion, this order was correct, and must be affirmed.